IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM KERBIN, ET AL.             :
                                   :
    v.                             :     Civil No. CCB-05-845
                                   :
IAN SHEPHERD DUNCAN, ET AL.        :
_____:_____

## MEMORANDUM

Plaintiffs, William and Diane Kerbin, have moved to remand this case to the Circuit Court of Baltimore City. They assert that removal to federal court is improper because defendant Landstar Ligon, Inc. failed to file a notice of removal within thirty days of being served. For the reasons stated below, plaintiffs' motion will be granted.

## BACKGROUND

William and Diane Kerbin ("Kerbins") instituted this suit, claiming that they sustained injuries and damages on February 14, 2002, when Ian Shepherd Duncan's ("Duncan") negligent driving caused a car accident at the intersection of Dividing Creek Road and U.S. Route 13 in Maryland. Duncan was driving a vehicle owned by Landstar Ligon, Inc. ("Landstar"). Landstar was served on October 4, 2004. On several occasions, the Kerbins agreed to extend the time for Landstar to respond to their complaint. The last extension gave Landstar until March 18, 2005 to answer the complaint. (Pls.' Reply, March 2, 2005 Letter, Ex. 3.) Duncan was served on March 18, 2005. Duncan filed his notice of removal to this court on March 25, 2005 and Landstar consented to the removal. The Kerbins filed their motion to remand to the Circuit Court of Baltimore City on April 12, 2005.

## ANALYSIS

Pursuant to the removal statute, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based..." 28 U.S.C. § 1446(b). Because removal of a case to federal court is an infringement on state sovereignty, the statute should be strictly applied. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); Branch v. Coca-Cola Bottling Co. Consol., 83 F.Supp.2d 631, 633 (D.S.C. 2000); Adams v. Aero Services International, Inc., 657 F.Supp. 519, 521 (E.D. Va. 1987).

Duncan objects to the Kerbins' remand motion, arguing that he properly filed a notice of removal within thirty days of service on him, met the court's jurisdictional requirements for diversity jurisdiction, and received Landstar's consent to that removal. Duncan asks the court to disregard Fourth Circuit dictum and decisions from district courts within the Circuit holding that in cases involving multiple defendants, the first-served defendant must file its notice of removal within 30 days of its receipt of service. See McKinney v. Bd. of Trustees of Maryland Cmty. Coll., 955 F.2d 924, 926 n.3 (4th Cir. 1992); Gee v. Lucky Realty Homes, Inc., 210 F.Supp.2d 732, 736 (D.Md. 2002); Superior Painting & Contracting Co., Inc. v. Walton Technology, Inc., 207 F.Supp.2d 391, 393 (D. Md. 2002); Branch, 83 F.Supp.2d at 636. If the first-served defendant does not file a petition for removal within thirty days of receipt of service, the case may not be removed. Id.

Though Fourth Circuit dictum is not binding on this court, "dictum from the court of appeals should be considered presumptively correct by the district courts within that circuit." Branch, 83 F.Supp.2d at 635; see also Gee, 210 F.Supp.2d at 735. The district court should only disregard the

2

dictum of the appeals court if it believes that the dictum is "clearly incorrect." Branch, 83 F.Supp.2d at 635.  As in Branch and Gee, this court finds the McKinney dictum to be correct and will follow the rule set out in that decision.

This court has not recognized any equitable exception to the McKinney dictum in other cases and does not find any here.  See Superior, 207 F.Supp.2d at 393, n.6 ("it is not clear whether there are any equitable exceptions to the rule the Fourth Circuit set forth in McKinney.")  Because removal in multi-defendant cases requires unanimity in the decision to remove, it is not unfair to bind a subsequently served defendant to the first served defendant's inaction.  See Westwood v. Fronk, 177 F.Supp.2d 536, 543 (N.D.W.Va. 2001)(quoting Dansberger v. Harford County Educ. Ass'n, Inc., 2000 WL 1593486 at *3 (D.Md. Oct. 20, 2000).   Moreover, Landstar and Duncan are represented by the same counsel, thereby negating any alleged difficulties in coordinating whether or not to remove.

Duncan insists that this case is distinguishable from the cited cases because the Kerbins agreed to extend the deadline for the defendants to file answers.  However, the removal statute explicitly ties the deadline for the petition of removal to the date of service, not to the date upon which a responsive pleading is due.  In addition, the deadline was specifically extended for the purpose of filing answers, not for filing notices of removal.  (See Pls.' Reply, Extension Letters, Exs. 1-3.)  Finally, although not binding on this court, the same argument was persuasively rejected in Prowell v. West Chemical Products, Inc., 678 F.Supp. 553, 555 (E.D. Pa. 1988).

For all the reasons stated above, the Kerbins' motion to remand will be granted.

A separate order follows.

   June 20, 2005                                                      /s/
Date                                                                   Catherine C. Blake
                                                                        United States District Judge